STATUTORY CITY COUNCIL: VACANCY IN OFFICE: Person elected to fill remainder of unexpired mayoral term may assume office upon receipt of certificate of election. Minn. Stat. § 412.02, subd. 2, 2a.

471-M

November 23, 1999

Patrick J. Kelly
Stephen Kelly
BANNIGAN & KELLY, P.A.
Maplewood City Attorneys
1750 North Central Life Tower
445 Minnesota Street
St. Paul, MN 55101-2132

Dear Messrs. Kelly:

In your letter you present substantially the following:

## FACTS

In November 1997, A was re-elected at regular election to the position of Mayor of Maplewood, a statutory city, for a 4 year term. Before taking the oath in January of 1998, Mayor A was appointed District Court Judge and resigned. Therefore a vacancy occurred in the position of Mayor. Pursuant to Minn. Stat. § 412.02, subd. 2a, the Council filled the vacancy by appointing Mayor B to the position. Because Mayor A resigned before January 1, 1998, the tenure of Mayor B ran from January 1998 until qualification of a successor elected at the next general election, held November 2, 1999. There was roughly 2 years left of the original term of Mayor A.

You then ask substantially the following:

## QUESTION

When a person is appointed to fill a vacancy in the office of mayor of a statutory city, and an election is held to fill the unexpired term of that position, when does the term of the appointed mayor end and the term of the mayor elected to fill the unexpired term begin?

## OPINION

In our opinion the person elected to fill the unexpired mayoral term is eligible to qualify[1] and assume office upon receipt of an election certificate, and the tenure of the appointee terminates when the elected person so qualifies. Minn. Stat. § 412.02 subd. 2 and 2a (Supp. 1999) provide in pertinent part:

> Subd. 2. Term. Terms of elective officers shall commence on the first Monday in January following the election at which the officer is chosen. All officers chosen and qualified as such shall hold office until their successors qualify.

> Subd. 2a. Vacancy. Except as otherwise provided in subdivision 2b,[2] a vacancy in an office shall be filled by council appointment until an election is held as provided in this subdivision. In case of a tie vote in the council, the mayor shall make the appointment. If the vacancy occurs before the first day to file affidavits of candidacy for the next regular city election and more than two years remain in the unexpired term, a special election shall be held at or before the next regular city election and the appointed person shall serve until the qualification of a successor elected at a special election to fill the unexpired portion of the term.[3]

Pursuant to subdivision 2 the "terms" of elective city offices begin on the first Monday of January following election.[4] However, in the case of filling a vacancy, as here, the time of

---

[1] Qualifying for public office requires the taking of the oath of office (*See* Minn. Stat. § 358.05 (1998) and in some cases may require posting of a bond. However, we are not aware of any bonding requirement for the mayor of a statutory city.

[2] Subdivision 2b pertains to circumstances creating a potentially temporary vacancy. That subdivision would not apply here.

[3] These subdivisions were amended in 1999. Act of April 20, 1999, ch. 75 § 2, 1999 Minn. Laws 216; Act of May 7, 1999, ch. 132, § 43, 1999 Minn. Laws 530, 543. These amendments, which took effect on August 1, 1999, do not affect our opinion in this matter.

[4] *See also* Minn. Const. art. VII § 7 which provides:

> Sec. 7 Official year of state. The official year for the state of Minnesota commences on the first Monday in January of each year and all terms of office

(Footnote Continued On Next Page.)

commencement of the "term" of office is not at issue. There is no question that the term of the office of mayor commenced in January of 1998 and will end in January of 2002. The election held in November of 1999 was to choose someone to serve for the remainder of that term. Therefore, the January date has no special significance in these circumstances. By the terms of subdivision 2a, the appointed mayor may only serve until qualification of the successor elected to fill the remainder of the term. There would seem no impediment to the person recently elected taking the oath and assuming office at any time after receiving a certificate of election.

While we are aware of no previous opinions directly addressing this question as applied to Minn. Stat. § 412.02 subd. 2a, this conclusion is consistent with a number of previous opinions that have construed similar statutory language as applied to vacancies in other offices. *See e.g.,* Ops. Atty. Gen. 161-A-25, February 6, 1958 (school board); 126H, September 2, 1950 and November 8, 1952 (county board) and 371-A-5, October 21, 1944 (railroad and warehouse commission). The September 2, 1950 opinion acknowledged that some previous opinions had reached a different conclusion. However it noted that:

> The opinions contrary to this view have been based upon the provision in Art. 7, Sec. 9 of the State Constitution, that all terms of office shall terminate on the first Monday in January of each year. It appears clear to us that this applies only to the statutory term for which officers are elected and does not apply to vacancies which are filled pending an election for an unexpired term of office.

Thus, the previous inconsistent opinions were reversed.

---

> terminate at that time. The general election shall be held on the first Tuesday after the first Monday in November in each even numbered year.

Patrick J. Kelly
Stephen Kelly
Page 4.


For these reasons it is our opinion that the person elected on November 2, 1999 may now qualify and assume office if he or she has received a certificate of election. Upon that person's qualifying, the tenure of appointed Mayor B will terminate.

Very truly yours,

MIKE HATCH
Attorney General
State of Minnesota


KENNETH E. RASCHKE, JR
Assistant Attorney General

(651) 297-1141

AG:288959, v. 1